**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SALIMA RASSOULL,

*Plaintiff-Appellant,*

v.

No. 03-1756

MAXIMUS, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Jillyn K. Schulze, Magistrate Judge.
(CA-02-214-8-JKS)

Submitted: January 28, 2004

Decided: March 17, 2004

Before WIDENER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

J. P. Szymkowicz, John T. Szymkowicz, SZYMKOWICZ & SZYM-
KOWICZ, L.L.P., Washington, D.C., for Appellant. Walter H.
Ryland, Monica McCarroll, WILLIAMS MULLEN, Richmond, Vir-
ginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Salima Rassoull appeals a jury verdict finding that Maximus, Inc.'s interception of a telephone conversation from fellow Maximus employee Karen Reddon did not violate the Electronic Communications Privacy Act., 18 U.S.C. § 2511(d)(2) (2000); *see* 18 U.S.C. § 2520 (2000) (providing private right of action).

Rassoull first contends that the district court erred by failing to issue jury instructions and verdict forms explaining that the affirmative defense of consent[1] could be invalidated if the defendant intercepted the call for a criminal or tortious purpose. Because Rassoull failed to object at trial, her claim is reviewed for plain error on appeal. Fed. R. Civ. P. 51; *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *Waters v. Massey-Ferguson, Inc.*, 775 F.2d 587, 590-91 n.2 (4th Cir. 1985). Because Rassoull has failed to show that she presented an evidentiary foundation sufficient to support the jury instruction requested, we find no error. *See United States v. Truglio*, 731 F.2d 1123, 1131 (4th Cir. 1984), *overruled on other grounds by United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996); *see also In re Pharmatrek*, 329 F.3d 9, 18 (1st Cir. 2003).

Rassoull also contends that both she and Reddon only consented to the interception of business calls.[2] However, viewed in the light most favorable to Maximus, the evidence permitted reasonable jurors to determine that Reddon consented to the interception of the call. Accordingly, we find no basis upon which to overturn the jury's verdict. *Simmons v. Bell Telephone Co.*, 611 F.2d 342 (10th Cir. 1979); *Coates v. Daugherty*, 973 F.2d 290, 293 (4th Cir. 1992).

---

[1]Because Reddon called Rassoull from a Maximus phone, it is Reddon's consent to interception that is at issue. *See* 18 U.S.C. § 2511(2)(d) (interception is not unlawful where either party to the call consents to interception).

[2]To the extent Rassoull raises any argument about applicability of the business extension exception to the Electronic Communications Privacy Act, such argument is misplaced because the jury's verdict did not address this exception.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*